NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

5TH AVENUE PROFESSIONAL OFFICE LLC, an Arizona limited
liability company, *Plaintiff/Appellant*,

*v.*

MANINDER KAHLON and RAMIT KAHLON, husband and wife;
ATUL SYAL and JYOTI SYAL, husband and wife; JATIN SHAH and
RIMA SHAH, husband and wife; JASON REINHART, an unmarried
man; ANDREW GORMAN and BRENDA GORMAN, husband and
wife; ANDRE HAGEVIK and MELANIE LANE, husband and wife;
NIRMALA ARYAL and PRASHANT NARAIN, husband and wife;
LAWRENCE KUTZ and ELANA KUTZ, husband and wife; PRAFUL
REDDY and AMRITA REDDY, husband and wife, *Defendants/Appellees*.

No. 1 CA-CV 15-0666
FILED 12-8-2016

---

Appeal from the Superior Court in Maricopa County
No.  CV2014-015004
The Honorable James T. Blomo, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Ayers & Brown PC, Phoenix
By Charles K. Ayers
*Counsel for Plaintiff/Appellant*

Poli & Ball P.L.C., Phoenix
By Jeffrey Messing
*Counsel for Defendants/Appellees Syal, Shah, Reinhart, Gorman, Hagevik, Lane, Aryal, Narain, and Kutz*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**O R O Z C O**, Judge:

**¶1**　　　　Appellant 5th Avenue Professional Office LLC (5th Avenue) sued to enforce a commercial lease guaranty (Guaranty) signed by all but one of a number of named personal guarantors. The trial court found the missing signature rendered the Guaranty incomplete and invalid under *Modular Systems, Inc. v. Naisbitt*, 114 Ariz. 582, 585 (App. 1977) and entered judgment to the guarantors. For the reasons set forth below, we reverse and remand for further proceedings consistent with this decision.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2**　　　　5th Avenue leased office space to Arizona Neurological Institute, P.C. (ANI). An addendum to the lease obligated ANI to "deliver . . . a fully executed Guaranty of Lease, to include signatures from all above named Guarantors." The addendum named the Kahlons, the Syals, the Shahs, the Gormans, the Kutzes, the Reddys, Nirmala Aryal, Prashant Nararin, Jason Reinhart, and Kirk Puttlitz as guarantors.

**¶3**　　　　The Guaranty provided that all named guarantors would "jointly, severally, unconditionally and irrevocably guarantee the prompt payment by [ANI] of all rents and other sums payable . . . ." The Guaranty further provided that 5th Avenue "would not execute the Lease if Guarantors did not execute and deliver to Lessor this Guaranty of Lease." All named guarantors signed the Guaranty except Puttlitz. 5th Avenue accepted the Guaranty without Puttlitz's signature, and ANI took possession of the space.

¶4            ANI subsequently breached the lease and filed for bankruptcy.  5th Avenue sued the named guarantors, including Puttlitz,[1] to collect on the Guaranty.  Appellees moved to dismiss the complaint, arguing the Guaranty was ineffective because Puttlitz did not sign it.  In its response, 5th Avenue attached an affidavit from one of its assistant building managers and a series of emails between its broker and ANI's broker.  Based on the affidavit and emails, 5th Avenue argued the signing guarantors had "affirmatively represented . . . through their agent that the sole missing signature on the Guaranty was not necessary to make the Guaranty binding."

¶5            The trial court dismissed 5th Avenue's complaint, finding that "Dr. Puttlitz did not sign the Guaranty and therefore the Guaranty of Lease is not a valid contract."   The trial court entered final judgment pursuant to Arizona Rule of Civil Procedure 54(c) and awarded attorney's fees and costs to Appellees.  5th Avenue timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) section 12-120.21.A.1 and -2101.A.1 (West 2016).[2]

## DISCUSSION

### I.      The Motion to Dismiss Should Have Been Converted into a Motion for Summary Judgment

¶6            5th Avenue first contends the trial court should have converted Appellees' motion to dismiss into a motion for summary judgment.  If "matters outside the pleading are presented to and not excluded by the court," a Rule 12(b)6 motion to dismiss "shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Ariz. R. Civ. P. 12(b).

¶7            5th Avenue presented an affidavit and email evidence beyond the pleadings in response to Appellees' motion to dismiss.  The trial court did not exclude any of this evidence; indeed, in making its ruling, the court

---

[1]      There is no proof of service for Puttlitz but at oral argument 5th Avenue admitted he was never served.

[2]      We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

considered this evidence, expressly noting that Dr. Puttlitz refused to sign the Guaranty - a fact outside the pleadings that was contained in the factual information attached to 5th Avenue's response. Therefore, the superior court was required to treat Appellees' motion to dismiss as a motion for summary judgment, and give both parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Ariz. R. Civ. P. 12(b)6. Because the superior court did not comply with Rule 12(b)6, we reverse and remand, directing the trial court to comply with the Rule, and give "all parties . . . reasonable opportunity to present all material made pertinent to [the motion for summary judgment] by Rule 56." *Id.*

## II.    Attorney Fees on Appeal

**¶8**        5th Avenue requests its attorney fees and costs pursuant to the Guaranty and A.R.S. § 12-341.01.A. In our discretion, we deny the request for fees, but award 5th Avenue its taxable costs incurred in this appeal upon compliance with ARCAP 21.

## CONCLUSION

**¶9**        We reverse and remand to the superior court for proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA